**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

DAVID WILLIAMS,

    Plaintiff,

v.                                                  Case No. 16-C-32

KENOSHA COUNTY DETENTION CENTER, et al.

    Defendants.

## DECISION AND ORDER

The Plaintiff filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Specifically, Plaintiff alleges that while he was in custody, another inmate attacked him and three jail guards failed to protect him. He alleges that he suffered injuries, including a hurt back and neck. At the screening stage, I concluded that these allegations minimally stated a claim under the Fourteenth Amendment. I further noted that it would not be enough merely to show that he was attacked by another inmate — a fairly common, if unfortunate, occurrence in prisons and jails. Instead, the Plaintiff will have to show that the Defendants were deliberately indifferent to a serious risk of harm. The Defendants have moved for summary judgment, arguing that there is no evidence that they were deliberately indifferent to a known risk of harm. For the reasons given below, the motion will be granted.

The events at issue here occurred on September 20, 2015 and are captured on video.[1] At 7:15 a.m., Officer Armour was handing out medications when he noticed the Plaintiff and another inmate, Mendoza-Sanchez, engaging in a discussion in the shower area. Officer Armour observed

---

[1] The facts are taken from the Defendants' proposed findings, which are uncontroverted.

enough tension in the conversation that he told them to "break it up." The two men then left the shower area and, seconds later, Mendoza-Sanchez shoved the Plaintiff in the chest. The Plaintiff responded by punching back and slamming Mendoza-Sanchez to the ground. Armour immediately radioed for backup and ordered the two to break it up. Within ten seconds of the initial contact between the two men, Officers Horensky and Stanley were on the scene wielding pepper spray. The inmates then surrendered, and Mendoza-Sanchez was taken to the hospital for evaluation.

Based on these facts, it is difficult to see what the officers could have done differently, unless of course they had been blessed with the ability to see into the future. Inmates engage in verbal confrontations all the time, and presumably only a small fraction of them materialize into fights that cause substantial injury. There is simply nothing about the facts alleged that would have caused any of the Defendants to believe that the verbal exchange between the two inmates would have resulted in a fight, much less serious physical harm to the Plaintiff. The quibbles the Plaintiff has raised in his affidavit do not change anything. He states that Officers Armour and Stanley "could have" stopped the attack. (ECF No. 60.) That is probably true, in the sense that any officer "could have" stopped a fight if he knew it was about to happen. Here, all we know is that Officer Armour told the two inmates to break it up, and then within seconds they were fighting. An inmate bringing a failure-to-protect claim has to show "either through direct or circumstantial evidence, that the defendants had actual knowledge that he was at serious risk of being harmed." *Tidwell v. Hicks,* 791 F.3d 704, 708 (7th Cir. 2015). Here, there were no circumstances, apart from the verbal altercation, that would have alerted any officers that a serious risk of harm existed. At most, and it is a stretch, the evidence suggests the officers could have been negligent. But "[a] plaintiff cannot establish a violation of the Eighth or Fourteenth Amendment by a showing that the officials were

negligent." *Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir. 2001). He must instead show that a substantial risk to the inmate's health existed and that the officers actually appreciated that risk. *Id*. That did not occur here.

The Plaintiff also filed a motion to amend. Although not perfectly clear, it appears he wishes to add Kenosha County as a defendant, but that would be futile because a county is not liable simply because it is the employer of individual defendants. Moreover, as set forth above, the individual defendants do not have any liability for what occurred, and so the county would not have any liability either. Accordingly, the motion will be denied.

The Defendants' motion for summary judgment is **GRANTED**. The motion to amend is **DENIED**. The case is **DISMISSED** with prejudice.

**SO ORDERED** this 3rd day of May, 2017.

    s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court